FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**December 4, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

KENNETH SORAK,

    Plaintiff - Appellant,

v.

THERESA CISNEROS in her official
capacity as Senior Judge; AMANDA
BRADLEY, in her official capacity as
Magistrate; COLORADO JUDICIAL
BRANCH,

    Defendants - Appellees.

No. 24-1170
(D.C. No. 1:23-CV-02391-CNS-NRN)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

Kenneth Sorak, a Colorado resident proceeding pro se,[1] appeals the district

court's order dismissing his complaint against two Colorado state-court judges under

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] "Because [Mr. Sorak] appear[s] pro se, we liberally construe his pleadings. Nevertheless, he . . . must comply with the same rules of procedure as other litigants." *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (citations

Fed. R. Civ. P. 12(b)(1).[2] We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## BACKGROUND

In 2019, Mr. Sorak's then-wife, nonparty Amy Sorak, filed a state-court petition for legal separation from Mr. Sorak in Douglas County, Colorado. The ensuing domestic relations case proceeded to a conclusion that left Mr. Sorak dissatisfied, so he sued the magistrate, the senior judge, and the Colorado Judicial Branch in federal court. He specified in his complaint that he was suing each judge only "in her official capacity." R. at 5. As relief, he requested compensatory damages, punitive damages, and attorney fees. He also requested "a judgment for removal of the [state-court] Protection Order [in the domestic relations case], a parenting and child support order hearing . . . a judgment for a change of venue for [the domestic relations case] to the Federal District Court, [and] an immediate trial to address the contempt issues before the state court." R. at 17.

---

omitted). And in the course of our review, "[w]e will not act as his counsel, searching the record for arguments he could have, but did not, make." *Id.*

[2] Mr. Sorak's lawsuit named three defendants:  Senior Judge Theresa Cisneros in her official capacity, Magistrate Amanda Bradley in her official capacity, and the Colorado Judicial Branch. In his notice of appeal and opening brief, however, he indicates he no longer wishes to proceed against the Colorado Judicial Branch. But whether the Colorado Judicial Branch is a party to the appeal is academic, because "[o]fficial-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotation marks omitted); *see also id.* at 166 ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

The defendants moved to dismiss. Their motion asserted that the district court lacked jurisdiction based on (1) the Eleventh Amendment and (2) the *Rooker-Feldman* doctrine, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). A magistrate judge recommended granting the motion. Mr. Sorak objected, but the district court overruled the objections, granted the motion, and dismissed the case.

## DISCUSSION

"We review de novo the district court's dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) . . . ." *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). Where, as here, the party seeking dismissal made a facial attack on the complaint's allegations of subject-matter jurisdiction, the district court "must accept the allegations in the complaint as true." *Id.*

Both the Eleventh Amendment and the *Rooker-Feldman* doctrine limit the jurisdiction of federal courts. The Eleventh Amendment "deprives federal courts of any jurisdiction to entertain" claims for money damages brought by a private citizen against a State without the State's consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–99 & n.8 (1984). And a claim against a state official in her official capacity, as here, is in essence a claim against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

As for the *Rooker-Feldman* doctrine, it "is a jurisdictional prohibition on lower federal courts exercising appellate jurisdiction over state-court judgments." *Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012). On appeal Mr. Sorak argues

3

his injuries came not from the state-court judgment itself but from the allegedly unconstitutional processes that produced it. But all his claims would evaporate if there were no state-court judgment against him. In other words, every claim for relief in the complaint is predicated on the effect of the state-court judgment. And a claim is barred by *Rooker-Feldman* if "an element of the claim [is] that the state court wrongfully entered its judgment." *Id.* at 1283.

Mr. Sorak also argues that the doctrine of judicial immunity does not shield the state-court actions in this case because, he asserts, the adverse judgments resulted from nonjudicial acts. But we do not need to decide whether judicial immunity applies because we agree with the district court that *Rooker-Feldman* and the Eleventh Amendment stand as jurisdictional bars to the complaint.

## CONCLUSION

We affirm the judgment of the district court.

Entered for the Court

Harris L Hartz
Circuit Judge